The Honorable Theresa L. Fricke
Release Hearing: March 27, 2023, 3:00 pm

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| UNITED STATES, <br>           Plaintiff, <br> v. <br> ANTHONY ESCOTO, <br>           Defendant. | NO. 3:23-cr-05085 <br><br> MEMORANDUM IN SUPPORT OF RELEASE |

## I.   INTRODUCTION

Anthony Escoto is a United States Citizen and a lifelong resident of the Puget Sound region. He has a loving, well-employed father who will provide him with a home to live in and accountability for making his court dates and staying clean and sober. Release with appropriate conditions is the least restrictive means of ensuring that Mr. Escoto poses no danger to community safety and attends future court dates.

## II. STATEMENT OF FACTS

Mr. Escoto came to the Pacific Northwest when he was six months old and has been here ever since. His ties to the community are deep; he grew up in SeaTac and remembers fondly his first few years of elementary school at Olympic Elementary. Unfortunately, his mother died of a drug overdose when he was eight years old. As a result, he lived with and was largely raised by his father, Anthony Escoto Sr., and then his stepmother, Janet Escoto. Mr. Escoto has spent almost his entire life living within driving distance of the neighborhoods he grew up in; he has never left the United States.

Although pretrial services notes that Mr. Escoto has several convictions on his record, it is important to note that since Mr. Escoto was released from prison in mid-2019, he has only sustained a single misdemeanor conviction—a driving charge in a small municipal court based on the bare allegation that he was speeding on a residential street.[1] He reports that he complied well with his term of Community Custody upon his release from custody, and the Department of Corrections confirmed in a phone call that he had only one brief remand to custody during his term of probation for that offense. Mr. Escoto has, however, dealt with significant setbacks during the last few years; he lost half of a finger in 2019, and he fractured his femur in a severe car accident in 2021.

---

[1] While the defense does not have access to the same criminal history databases as the government, there are serious concerns about the accuracy of the pretrial services statement of the defendant's criminal history provided on March 22, 2023. For example, Mr. Escoto was incarcerated from 2015 until July 2019. The pretrial services sheet, however, shows that he was charged with or convicted of several crimes in 2017 and 2018. Mr. Escoto also reports that he has been charged with at least one offense in a jurisdiction where he has never visited, likely due to the use of false identification.

MEMORANDUM IN SUPPORT
OF RELEASE – 2

MIDDAUGH LAW, PLLC
600 University Street, Suite 3020
Seattle, WA 98101
(206) 919-4269

At the time of this incident, Mr. Escoto was living independently in SeaTac. Given the allegations in the case, however, Mr. Escoto recognizes that he would benefit from structure and family support in a different living environment. Mr. Escoto has a loving and supportive father and stepmother who are willing to provide him with a place to live, monitor his sobriety, and hold him accountable for complying with court orders. Mr. Escoto's father is employed as a machinist and has a home in Des Moines, Washington. The home does not have any alcohol or drugs, and Mr. Escoto's father will not permit any such drug or alcohol use at his residence. Mr. Escoto's family understands the seriousness of these charges and is committed to ensuring that his son models exemplary behavior during pretrial proceedings.

Finally, it is important to note that Mr. Escoto would benefit from services that are available to him by participating in pretrial services. He has engaged in substance use over the years, and he reports that he receives Washington state disability funds due to his mental health diagnoses. Working with pretrial services to obtain ongoing counseling, medication, and other services will benefit Mr. Estoco and the community.

### III.  MEMORANDUM OF LAW

#### a.  General Principles

"The Bail Reform Act of 1984, 18 U.S.C. §§ 3141, et seq., requires the release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). This case triggers the rebuttal presumption of detention in 18 U.S.C. 3142(e). However, "[t]he statutory presumption merely works to shift the burden of production of evidence to the defendant. The ultimate burden of

MEMORANDUM IN SUPPORT
OF RELEASE – 3

MIDDAUGH LAW, PLLC
600 University Street, Suite 3020
Seattle, WA 98101
(206) 919-4269

persuasion remains on the government, and the burden placed on the defendant to rebut the presumption is small. The defendant need only produce 'some credible evidence forming a basis for his contention that he will appear and not pose a threat to the community in order to rebut the presumption.'" *United States v. Chen*, 820 F. Supp. 1205, 1207 (N.D. Cal. 1992) (internal citations omitted) (quoting *United States v. Thomas*, 667 F.Supp. 727, 728 (D.Or.1987)). "The government's burden of proof is not trivial. If the defendant can rebut the statutory presumption, the government must prove that no combination of conditions can reasonably assure the safety of the community and the appearance of the defendant." *Chen*, 820 F. Supp. at 1208.

    **b. Mr. Escoto has rebutted the presumption of Detention, and release with conditions is appropriate in this case**

Mr. Escoto has lived in the Puget Sound region his entire life. His family, friends, and indeed entire life are located in this area. He has never left the United States at any point. He recognizes the severity of the charges against him, and he has close family members who will help to ensure that he attends all of his court dates. These factors constitute significant evidence that Mr. Escoto will attend future court dates.

There is also substantial evidence that Mr. Escoto is not a risk to commit a violent offense or pose a danger to community safety. Information available to defense counsel indicates that he performed well while on probation, and his only criminal conviction in the nearly four years since his release from prison involved an allegation of speeding in a small municipal jurisdiction. Again, this evidence demonstrates that detention is not the least restrictive means of ensuring community safety.

Finally, it bears noting that to the extent there are concerns about Mr. Escoto being in the community, these concerns can be significantly mitigated by the imposition of pretrial release conditions. Mr. Escoto is amenable to participating in substance use and mental health counseling, submitting to urinalysis testing, and complying with any other pretrial conditions the court deems appropriate. His willingness to abide by these conditions—coming on the heels of completion of a term of supervised probation—indicates that he can be relied upon to abide by pretrial release conditions.

IV.   CONCLUSION

Releasing Mr. Escoto comports with the goals of the Bail Reform Act. In this multiple co-defendant case where pretrial discovery and preparation will likely last many months, Mr. Escoto respectfully requests an opportunity to demonstrate that he can comply with pretrial release conditions while living with supportive family members in the community.

DATED this 24 day of March, 2023.

s/Mark Middaugh
WSBA No. 51425
Attorney for Defendant
MIDDAUGH LAW, PLLC
600 University Street, Suite 3020
Seattle, WA 98101
Phone: (206) 919-4269
Email: Mark@middaughlaw.com

MEMORANDUM IN SUPPORT
OF RELEASE – 5

MIDDAUGH LAW, PLLC
600 University Street, Suite 3020
Seattle, WA 98101
(206) 919-4269